UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| BILLY E. HOLLOWAY, et al., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 3:05-CV-281 |
| | ) (Phillips/Guyton) |
| AVERITT EXPRESS, INC., | ) |
| | ) |
| Defendant. | ) |

## **MEMORANDUM AND ORDER**

This matter is before the undersigned pursuant to 28 U.S.C. § 636(b), the Rules of this Court, and by Order [Doc. 34] of the Honorable Thomas W. Phillips, United States District Judge, for disposition of the Motion to Voluntarily Dismiss Plaintiff, Sherry Johnson, and to Amend Complaint to Add Claim for Punitive Damages [Doc. 27] and Defendant's Motion to Quash Plaintiffs' Third Request for Production of Documents [Doc. 32].

### I.     **Motion to Voluntarily Dismiss Plaintiff Johnson**

The plaintiff Sherry Johnson moves to voluntarily dismiss her claims. The defendant does not oppose plaintiff's motion. Accordingly, for good cause shown, the Motion to Voluntary Dismiss Plaintiff Sherry Johnson [Doc. 27] is **GRANTED**.

### II.    **Motion to Amend Complaint**

The plaintiff Billy E. Holloway moves the Court for the entry of an Order allowing him to amend his Complaint to add a claim for punitive damages. [Doc. 27]. The defendant opposes Holloway's motion to amend, arguing that the plaintiff is seeking to assert a completely different

cause of action, which does not arise out of the same conduct, transaction or occurrence which was set forth in the original complaint. [Doc. 30].

Rule 15(a) of the Federal Rules of Civil Procedure provides that leave to amend pleadings "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). "In the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.– the leave sought should, as the rules require, be 'freely given.'" Foman v. Davis, 371 U.S. 178, 182, 83 S. Ct. 227, 230, 9 L. Ed. 2d 222 (U.S. 1962).

An amendment relates back to the date of the original pleading where the claim asserted in the amendment "arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading." Fed. R. Civ. P. 15(c). Upon review of the plaintiff's motion and proposed amendment, the Court finds that the plaintiff's proposed amendment arises out of the conduct, transaction, or occurrence set forth in the plaintiff's original complaint. Accordingly, for good cause shown, the Motion to Amend Complaint to Add Claim for Punitive Damages [Doc. 27] is **GRANTED.**

### III. Motion to Quash

The defendant seeks an Order quashing the plaintiff's third request for production of documents or, in the alternative, a protective order from such discovery. [Doc. 32]. For grounds, the defendant states that the discovery requests are unduly burdensome, duplicative, and premature.

The Court finds that the defendant's motion should be denied for two reasons. First, the defendant fails to certify in its motion that it conferred or attempted to confer in good faith with

opposing counsel in an effort to resolve this dispute without court intervention. See Fed. R. Civ. P. 26(c). Second, the defendant's motion does not include "a verbatim recitation of each interrogatory, request, answer, response, and objection which is the subject of the motion or a copy of the actual discovery document which is the subject of the motion." E.D.TN. LR 37.2. For these reasons, Defendant's Motion to Quash Plaintiffs' Third Request for Production of Documents [Doc. 32] is **DENIED**.

**IT IS SO ORDERED.**

**ENTER:**

s/ H. Bruce Guyton
United States Magistrate Judge